**Motion granted and Order filed August 2, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00329-CV
_____

**LUCAS NELSON, Appellant**

**V.**

**ROBYN GRIFFITH, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 116189-CV**

---

# O R D E R

On April 12, 2022 the district court granted appellee Robyn Griffith's motion to dismiss appellant Lucas Nelson's claims as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(2). Nelson filed a timely notice of appeal.

Before the court is Griffith's motion to require Nelson to rebrief. The motion contends that due to the failure of Nelson's brief to present relevant facts, issues or authority, Griffith cannot prepare a meaningful response to the brief.

After reviewing the brief, we conclude Nelson's brief does not comply with the rules of appellate briefing. In particular, the brief does not "state concisely all issues or points presented for review," see Tex. R. App. P. 38.1(f), nor does it "state concisely and without argument the facts pertinent to the issues or points presented" as well as record references to such facts, see Tex. R. App. P. 38.1(g), and it further does not "contain a succinct clear, and accurate statement of the arguments made in the body of the brief," see Tex. R. App. P. 38.1(h), and moreover it fails to "contain a clear and concise argument for the contentions made" along with "appropriate citations to authorities and to the record," see Tex. R. App. P. 38.1(i).[1] Although Nelson is a pro se litigant and his briefing accordingly is construed liberally, he is still required to comply with applicable substantive and procedural rules in pursuing this appeal. *Sorrow v. Harris Cnty. Sheriff*, 622 S.W.3d 496, 500–01 (Tex. App.—Houston [14th Dist.] 2021, pet. denied).

This court has the authority to order rebriefing when a brief contains formal defects that are in flagrant violation of briefing rules, or when a brief has not been properly presented such as when law and authorities have not been properly cited in it. *See* Tex. R. App. P. 38.9. Accordingly, we grant Griffith's motion and order Nelson to file a brief that complies with the Texas Rules of Appellate Procedure

---

[1] Although appellant's brief also does not comply with other provisions of the briefing rules of Rule 38.1, the rules noted in this order encompass the defects highlighted by Griffith's motion.

**within sixty (60) days** of the date of this order. *See* Tex. R. App. P. 38.1(f), (g), (h), (i).

If Nelson files another brief that does not comply with Rule 38, this court may strike the brief, prohibit Nelson from filing another, and proceed as if Nelson had failed to file a brief. *See* Tex. R. App. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), when an appellant has failed to file a brief, we may dismiss the appeal for want of prosecution. If Nelson fails to timely file a brief in accordance with Rule 38, the appeal is subject to dismissal for want of prosecution without further notice. *See* Tex. R. App. P. 38.8(a)(1), 42.3(c).

PER CURIAM

Panel Consists of Justices Zimmerer, Spain, and Poissant.